BLANK ROME, LLP
Attorneys for Plaintiff
MAP MARINE LIMITED
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUN 20 2008
U.S.D.C. S.D. N.Y.
CASHIERS

| MAP MARINE LIMITED, | 08 Civ. 3771 (PAC) |
| --- | --- |
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | |
| CHINA CONSTRUCTION BANK CORP. and BANCA MONTE DEI PASCHI DI SIENA SPA, | |
| Defendants. | |

Plaintiff, MAP MARINE LIMITED ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, CHINA CONSTRUCTION BANK CORP. and BANCA MONTE DEI PASCHI DI SIENA SPA, alleges as follows:

### THE PARTIES AND BASES OF JURISDICTION

1.  Plaintiff is a corporation organized and existing under the laws of Grand Cayman, with its registered office at Walker House, 87 Mary Street, George Town, Grand Cayman.

2.  Defendant CHINA CONSTRUCTION BANK CORP. ("CCBC") is a corporation organized and existing under the laws of the People's Republic of China, and maintains a foreign representative office at 350 Park Ave., New York, N.Y., and a head office at No. 25 Finance Street, Beijing, China 100032.

129482.00601/6647778v.1

3.      Defendant BANCA MONTE DEI PASCHI DI SIENA SPA ("BANCA MONTE") is a corporation organized and existing under the laws of Italy with an office at 55 E. 59th Street, New York, N. Y., 10022.

4.      This Court has jurisdiction over the claim against CCBC pursuant to 28 U.S.C. §§ 1330 and 1605(a)(2) because CCBC is a majority-state-owned instrumentality and this action is based upon a commercial activity carried on in the United States by CCBC, and/or an act performed in the United States in connection with a commercial activity of CCBC elsewhere, and/or an act outside the United States in connection with a commercial activity of CCBC elsewhere that caused a direct effect in the United States.

5.      This Court may exercise supplemental jurisdiction over the claim against BANCA MONTE pursuant to 28 U.S.C. § 1367(a) because the claims against CCBC and BANCA MONTE are so related that they form part of the same case or controversy.

## THE BACKGROUND FACTS

6.      On or about January 25, 2008, Plaintiff, as disponent owner of the M/V GRAND ANEMI ("the Vessel"), entered into a time-charter party ("the Charter") with nonparty Autopistas del Mar, C. A. ("Autopistas"), as charterer, for one time charter trip for the carriage of a cargo of iron ore from Venezuela to China.

7.      Autopistas agreed to provide Plaintiff a letter of credit in the sum of $5,950,000 to compensate Plaintiff for the ship's ballast voyage from China to Venezuela, and to pay for fuel and diesel oil on delivery, and charter hire. Providing the letter of credit was a condition for Plaintiff to enter into the Charter and deliver the Vessel

129482.00601/6647778v.1

8. Autopistas nominated the Vessel to nonparty Windsor International, Inc. ("Windsor") to perform a voyage under a contract of affreightment ("C.O.A.") between Autopistas and Windsor.

9. Windsor sold the iron ore to a buyer in China under c & f ("cost and freight") terms, which required Windsor to provide the ocean transportation of the cargo, by reason of which Windsor entered into the C.O.A. with Autopistas.

10. Windsor was the beneficiary of a transferable letter of credit issued by CCBC at the request of the Chinese buyer to pay the price of the iron ore, including the cost of ocean transportation.

11. In the said letter of credit, CCBC nominated BANCA MONTE as the advising and transferring bank.

12. Windsor arranged for issuance to Plaintiff of a letter of credit, or transfer to Plaintiff of the right to draw on a portion of Windsor's letter of credit, in order to satisfy Plaintiff's condition that it be provided a letter of credit in order to enter into the Charter with Autopistas, so that the Vessel would perform the voyage under the C.O.A.

## THE LETTER OF CREDIT

13. In compliance with Windsor's request, CCBC issued a letter of credit in Plaintiff's favor for $5,950,000, or, alternatively, transferred to Plaintiff the right to draw $5,950,000 under the letter of credit CCBC issued to Windsor.

14. On or about February 5, 2008, CCBC instructed BANCA MONTE's office in New York to advise the letter of credit or transfer to Plaintiff via nonparty HSBC Bank Australia Limited ("HSBC"). BANCA MONTE did advise the letter of credit to Plaintiff via HSBC. The LOC did not state it was an advice of a transfer of a letter of credit. (Hereafter, the advice of the

3

letter of credit issued to Plaintiff, or of the transfer of a portion of Windsor's letter of credit, as the case may be, will be referred to as "the LOC.")

15. A true copy of HSBC's advice of the LOC, dated February 5, 2008, is annexed as Ex. 1 hereto.

16. On or about February 11, 2008, CCBC issued its amendment to the LOC ("the Amendment"), which it instructed BANCA MONTE to advise to Plaintiff via HSBC. BANCA MONTE did so advise Plaintiff via HSBC. The Amendment did not state it was an advice of a transfer of a letter of credit.

17. A true copy of HSBC's advice of the Amendment, dated February 11, 2008, with the attached advice of Amendment by BANCA MONTE, is annexed as Ex. 2 hereto.

18. The LOC and Amendment provided for payment of Plaintiff's draft, at sight, upon presentation of a Commercial Invoice and a copy of the Vessel's First Load Port Notice of Readiness, at BANCA MONTE's office at 55 East 59th Street, New York, N. Y., 10022, via DHL or similar courier.

19. The LOC and Amendment incorporated the terms of the most recent UCP [Uniform Customs and Practices issued by the International Chamber of Commerce], which is UCP 600, published in July 2007.

20. The LOC stated it was to expire on March 15, 2008 in the United States of America.

21. In reliance upon the LOC and Amendment, Plaintiff sent its ship to Venezuela and entered into performance of the Charter.

22. Autopistas failed to perform the Charter or to pay Plaintiff the sums due under the Charter for the ballast bonus, fuel and diesel oil on delivery, and charter hire.

129482.00601/6647778v.1

## THE WRONGFUL DISHONOR OF THE LOC

23.  On February 15, 2008, HSBC sent BANCA MONTE the documents required for payment under the LOC and Amendment.

24.  BANCA MONTE received said documents on February 19, 2008.

25.  On February 28, 2008, BANCA MONTE notified HSBC of the following alleged documentary discrepancies, and stated that the documents would be held at HSBC's disposal:

   i. The documents presented did not bear the issuing bank's LOC number;

   ii. The copy of the Vessel's Notice of Readiness did not bear the Vessel's Master's signature and showed inconsistent dates of arrival.

26.  On February 29, 2008, HSBC responded to BANCA MONTE that the LOC and Amendment did not require the issuing bank's reference number, the copy of the Notice of Readiness showed it was a computer generated document which did not need a signature, and the dates of arrival were not inconsistent, but the same date was stated in both Local Time and Universal Time.

27.  On March 5, 2007, BANCA MONTE notified HSBC that "since this LC was a transferred LC," it was waiting for the first beneficiary, Windsor, to present other documents required by CCBC for negotiation.

28.  On March 6, 2007, BANCA MONTE notified HSBC it had been told by Windsor to take no action unless instructed by Windsor.

29.  On March 15, 2008, which was the expiration date of the LOC, BANCA MONTE notified HSBC that Windsor claimed the transferee agreed to cancel the LOC and stated that the LOC was cancelled.

30.  In fact, Plaintiff never agreed to cancel the LOC.

129482.00601/6647778v.1

31. On March 17, 2008, HSBC notified BANCA MONTE that Plaintiff did not agree to cancel the LOC.

### AS A FIRST CLAIM, AGAINST BANCA MONTE

32. CCBC has alleged in this law suit that it did not authorize BANCA MONTE to advise to Plaintiff the LOC or Amendment, or to advise to Plaintiff any letter of credit or any transfer of a letter of credit.

33. CCBC has also alleged in this law suit that the documentary requirements stated in the LOC and Amendment differ from the documentary requirements stated in the letter of credit CCBC issued to Windsor, and CCBC did not authorize any such change.

34. If CCBC did not authorize BANCA MONTE to advise to Plaintiff the LOC and Amendment or to do so on the terms stated therein, then BANCA MONTE is liable to Plaintiff as a principal on the contract evidenced by the LOC and Amendment that BANCA MONTE purported to make as agent for CCBC.

35. The dishonor of the documents presented by Plaintiff and the failure to pay Plaintiff under the terms of the LOC and Amendment was a breach thereof, by reason of which Plaintiff is entitled to judgment against BANCA MONTE for $5,950,000 plus interest and costs.

### AS A SECOND CLAIM, AGAINST CCBC AND BANCA MONTE

36. The failure to pay Plaintiff the amount of the LOC and Amendment by reason of the alleged documentary discrepancies asserted on February 29, 2008 was wrongful and was a breach of the LOC and Amendment by CCBC, and/or by BANCA MONTE if BANCA MONTE is held liable as a principal, because there were no such discrepancies.

37. The LOC and Amendment did not require that the documents presented should bear the issuing bank's reference number.

38. HSBC's Export Collection/Negotiation Instructions accompanying the documents presented for payment under the LOC and Amendment bore a reference number which BANCA MONTE's advice of the Amendment (Ex. 2) designated as the issuing bank's reference number.

39. The LOC and Amendment did not require that the copy of the Vessel's Notice of Readiness contain the Vessel's Master's signature.

40. As a matter of standard banking practice, as stated in Article 32 of the 2007 Revision for UCP 600 of the International Chamber of Commerce's <u>International Standard Banking Practice for the Examination of Documents and Documentary Credits</u>: "Copies of documents need not be signed."

41. As a matter of maritime law and practice, Vessels' Notices of Readiness are commonly tendered electronically on arrival at port anchorages and need not be signed.

42. There were not two different arrival dates shown on the copy of the Notice of Readiness, but only one date shown in Local Time and Universal Time.

43. By reason of the said breach of the LOC and Amendment, Plaintiff is entitled to judgment against CCBC and/or BANCA MONTE for $5,950,000 plus interest and costs.

### AS A THIRD CLAIM, AGAINST CCBC AND BANCA MONTE

44. The failure to pay Plaintiff the amount of the LOC and Amendment by reason of the absence of documents allegedly required from the "first beneficiary" was wrongful and was a breach of the LOC and Addendum by CCBC, and/or by BANCA MONTE if BANCA MONTE is held liable as a principal, because the LOC and Amendment issued to Plaintiff did not require presentation of any such documents, and Plaintiff satisfied all the requirements of the LOC that was issued, transferred, and/or advised in Plaintiff's favor.

129482.00601/6647778v.1

45. By reason of the said breach of the LOC and Amendment, Plaintiff is entitled to judgment against CCBC and/or BANCA MONTE for $5,950,000 plus interest and costs.

### AS A FOURTH CLAIM, AGAINST CCBC AND BANCA MONTE

46. The failure to pay Plaintiff the amount of the LOC was wrongful and was a breach of the LOC by CCBC, and/or by BANCA MONTE if BANCA MONTE is held liable as a principal, because BANCA MONTE's notifications of alleged discrepancies in the form or content of the documents presented, and in the absence of documents allegedly required, were delayed beyond five banking days, in contravention of Article 16 (d) of UCP 600.

47. By reason of the said delay in notification of the alleged discrepancies and absence of documents, Defendants are precluded from claiming that the documents do not constitute a complying presentation, pursuant to Article 16 (f) of UCP 600.

48. By reason of the said breach of the LOC and Amendment, Plaintiff is entitled to judgment against CCBC and/or BANCA MONTE for $5,950,000 plus interest and costs.

### AS A FIFTH CLAIM, AGAINST CCBC AND BANCA MONTE

49. The failure to pay Plaintiff the amount of the LOC was wrongful and was a breach of the LOC by CCBC, and/or by BANCA MONTE if BANCA MONTE is held liable as a principal, because BANCA MONTE's notifications of alleged discrepancies in the form or content of the documents presented, and in the absence of documents allegedly required, were not effective as refusals to honor or negotiate the LOC and Amendment because they did not specifically state BANCA MONTE and/or CCBC were refusing to honor or negotiate, as required by Article 16 (c) (i) of UCP 600.

50. By reason of the failure to specify that BANCA MONTE and/or CCBC were refusing to honor or negotiate the LOC, draft, and documents, Defendants are precluded from

claiming that the documents do not constitute a complying presentation, pursuant to Article 16 (f) of UCP 600.

51.    By reason of the said breach of the LOC and Amendment, Plaintiff is entitled to judgment against CCBC and/or BANCA MONTE for $5,950,000 plus interest and costs.

### AS A SIXTH CLAIM, AGAINST CCBC AND BANCA MONTE

52.    The failure and refusal to pay Plaintiff the amount of the LOC was not in good faith, and Plaintiff should, therefore, recover punitive damages, and/or Plaintiff's attorneys' fees and the costs of this litigation from CCBC and/or BANCA MONTE.

### AS A SEVENTH CLAIM, AGAINST BANCA MONTE

53.    BANCA MONTE impliedly warranted to Plaintiff it possessed authority to advise the LOC and Amendment and to do so on the terms stated in the LOC and Amendment.

54.    If CCBC did not authorize BANCA MONTE to advise the LOC and Amendment or to do so on the terms stated therein, then BANCA MONTE breached its implied warranty of authority and therefore is liable to Plaintiff for its damages.

55.    By reason of the said breach, Plaintiff is entitled to judgment against BANCA MONTE for $5,950,000 plus interest and costs.

### AS AN EIGHT CLAIM, AGAINST BANCA MONTE

56.    Pursuant to Section 5-107 (c) and (d) of New York <u>Uniform Commercial Code</u> and Article 38(g) of UCP 600, BANCA MONTE owed Plaintiff a duty accurately to advise the terms of the letter of credit and/or the transfer of the credit it was advising.

57.    BANCA MONTE breached said duty and foreseeably caused injury to Plaintiff in the sum of $5,950,000, for which BANCA MONTE is liable to Plaintiff, together with interest and costs.

## AS A NINTH CLAIM, AGAINST BANCA MONTE

58. BANCA MONTE negligently misrepresented the terms of the letter of credit it was advising and/or transferring to Plaintiff, upon which representations Plaintiff foreseeably and justifiably relied to its detriment.

59. BANCA MONTE thereby caused injury to Plaintiff in the sum of $5,950,000, for which BANCA MONTE is liable to Plaintiff, together with interest and costs.

## AS A TENTH CLAIM, AGAINST BANCA MONTE

60. BANCA MONTE knowingly and intentionally misrepresented the terms of the letter of credit it was advising and/or transferring to Plaintiff, upon which representations Plaintiff foreseeably and justifiably relied to its detriment.

61. BANCA MONTE thereby caused injury to Plaintiff in the sum of $5,950,000, for which BANCA MONTE is liable to Plaintiff, together with interest and costs.

62. By reason of BANCA MONTE's intentional misrepresentation, it should be held liable for punitive damages and for Plaintiff's legal fees and costs.

## AS AN ELEVENTH CLAIM, AGAINST BANCA MONTE

63. If BANCA MONTE's LOC and Amendment were in fact authorized by CCBC, then BANCA MONTE owed Plaintiff a duty to convey to CCBC the documents Plaintiff presented for payment.

64. BANCA MONTE, however, unilaterally rejected Plaintiff's documents, according to CCBC.

65. Such unilateral rejection of Plaintiff's documents by BANCA MONTE was a breach of its duty to convey the documents to CCBC, and caused Plaintiff damages in the amount of $5,950,000, for which Plaintiff is entitled to judgment against BANCA MONTE.

WHEREFORE, Plaintiff requests judgment in the sum of $5,950,000 plus interest at 9%, and costs, punitive damages, attorneys' fees and such other relief as the Court may deem just.

Dated: New York, NY
       June 20, 2008

                          Respectfully submitted,
                          BLANK ROME, LLP
                          Attorneys for Plaintiff
                          MAP MARINE LIMITED

                          By _____
                              Jack A. Greenbaum (JG 0039)
                          The Chrysler Building
                          405 Lexington Ave.
                          New York, NY 10174-0208
                          (212) 885-5000
                          jgreenbaum@blankrome.com

129482.00601/6647778v.1

# EXHIBIT 1

# HSBC

3

PAGE    1

05FEB2008

MAP MARINE LIMITED
WALKER HOUSE
87 MARY STREET,
GEORGETOWN, GRAND CAYMAN

USD FIVE MILLION NINE HUNDRED FIFTY THOUSAND ONLY

DEAR SIRS,

IN ACCORDANCE WITH THE VERSION OF THE UCP RULES (ISSUED BY THE
ICC) AS SPECIFIED IN THE CREDIT WE, HSBC BANK AUSTRALIA LIMITED,
ADVISE HAVING RECEIVED THE FOLLOWING TELETRANSMISSION.
FROM BANCA MONTE DEI PASCHI DI SIENA SPA
        (SWIFT ADDRESS : PASCUS33)

```
        :27:1/1
40B   FORM OF DC:                IRREVOCABLE
                                 WITHOUT OUR CONFIRMATION
20    OUR REF:                   BDP100138T04
21    DC NO:                     37084010003926
31C   DATE OF ISSUE:             28NOV07
40E   APPLICABLE RULES:
      UCP LATEST VERSION
31D   EXPIRY DATE AND PLACE:     15MAR08   UNITED STATES OF AMERICA
52D   DC ISSUING BK:             CHINA CONSTRUCTION BANK
                                 RIZHAO SHANDONG CHINA
50    FIRST BENEF:               WINDSOR INTERNATIONAL INC
                                 911 RAY AVENUE RIDGEFIELD NJ
                                 07657, USA
59    SECOND BENEF:              MAP MARINE LIMITED
                                 WALKER HOUSE
                                 87 MARY STREET,
                                 GEORGETOWN, GRAND CAYMAN
32B   DC AMT:                    USD5950000.
39A   PCT CR AMT TOLERANCE:      05/05
41D   AVAILABLE WITH/BY:         ANY BANK
                                 BY NEGOTIATION
42C   DRAFTS AT:                 SIGHT
42D   DRAWEE:                    ISSUING BANK
43P   PARTIAL SHIPMENTS:         NOT ALLOWED
43T   TRANSHIPMENT:              NOT ALLOWED
44A   TAKE CHARGE/RECEIPT/DISP FM:
```

             ** TO BE CONTINUED IN NEXT PAGE **

Issued by HSBC Bank Australia Limited A.B.N. 48 006 434 162   AFSL No. 232 595

Sydney (Head Office):       Melbourne:              Brisbane:               Perth:                       Adelaide:
GPO Box 5302, Sydney        GPO Box 7630, Melbourne GPO Box 821, Brisbane   PO Box 7644 Cloisters Sq,    PO Box 3285 Rundle Mall,
NSW 2001                    VIC 3001                QLD 4001                Perth WA 6850                Adelaide SA 5000
580 George Street.          333 Collins Street,     300 Queen Street,       188 St. George's Terrace     55 Grenfell Street
Telephone: (02) 9006 5856   Telephone: (03) 9225 3634  Telephone: (07) 3835 7858   Telephone: (08) 9320 9927   Telephone: (08) 8112 8609
Facsimile: (02) 9006 5898   Facsimile: (03) 9225 3755  Facsimile: (07) 3835 7830   Facsimile: (08) 9320 9831   Facsimile: (08) 8112 8612



4

PAGE   2

MAP MARINE LIMITED                                            05FEB2008

       DOCUMENTARY CREDIT NO. : EDP100138T04

     BOCA GRANDE PORT, VENEZUELA
44B  FINAL DEST/DELIVERY/TRNSP TO:
     RIZHAO PORT, CHINA
44C  LATEST DATE OF SHIPMENT:         25FEB08
45A  GOODS:
     20000 MT(5 PCT MORE OR LESS ALLOWED)IRON ORE CHUNK AND
     55000 MT(5 PCT MORE OR LESS ALLOWED)ALTAMIRA LUMP ORE(ALO)
     CFR RIZHAO PORT
46A  DOCUMENTS REQUIRED:
     1. COMMERCIAL INVOICE.
     2. ONE COPY OF VESSEL'S NOTICE OF READINESS (NOR) PRESENTED TO
     CHARTERER'S OR THEIR PORT'S.
49   CONFIRMATION INSTRUCTIONS:       WITHOUT
78   INFO TO PRESENTING BK:
     ALL BANKING CHARGES OTHER THAN OURS ARE FOR BENEFICIAY'S
     ACCOUNT. PAYMENT WILL BE EFFECTED AS INSTRUCTED PROVIDED ALL
     TERMS AND CONDITIONS ARE COMPLIED WITH.
57A  ADVISE THRU:                     MACQAU2S
72   BK TO BK INFO:                   ALL DOCUMENTS MUST BE PRESENTED TO
                                          BANCA MONTE DEI PASCHI DI SIENA SPA
                                          55 EAST 59TH STREET, NEW YORK, N.Y.
                                          10022 VIA DHL OR SIMILAR COURIER
                                          ATTN: ANNE

THIS ADVICE CONSTITUTES A DOCUMENTARY CREDIT ISSUED BY THE ABOVE
BANK AND SHOULD BE PRESENTED WITH THE DOCUMENTS/DRAFTS FOR
NEGOTIATION/PAYMENT/ACCEPTANCE, AS APPLICABLE.

                             060831-AUTO-000.01-01

            ** END OF DC **

Issued by HSBC Bank Australia Limited A.B.N. 48 006 434 162   AFSL No. 232 595

Sydney (Head Office):   Melbourne:              Brisbane:               Perth:                  Adelaide:
GPO Box 5302, Sydney    GPO Box 7630, Melbourne GPO Box 821, Brisbane   PO Box 7644 Cloisters Sq. PO Box 3285 Rundle Mall,
NSW 2001                VIC 3001                QLD 4001                Perth WA 6850           Adelaide SA 5000
580 George Street,      333 Collins Street,     300 Queen Street,       188 St. George's Terrace 55 Grenfell Street
Telephone: (02) 9006 5856 Telephone: (03) 9225 3634 Telephone: (07) 3835 7858 Telephone: (08) 9320 9827 Telephone: (08) 8112 8600
Facsimile: (02) 9006 5898 Facsimile: (03) 9225 3755 Facsimile: (07) 3835 7830 Facsimile: (08) 9320 9831 Facsimile: (08) 8112 8512

**EXHIBIT 2**

900200.00001/6591567v.1

12



PAGE     1

DC AMENDMENT ADVICE                          DATE 11FEB2008

MAP MARINE LIMITED
WALKER HOUSE
87 MARY STREET,
GEORGETOWN, GRAND CAYMAN

                                    PLEASE QUOTE OUR REF NO.
DEAR SIR/MADAM,                     HDP100138T04   -00

DOCUMENTARY CREDIT NO.   37084010003926
AMOUNT                   USD    5,950,000.00
ISSUING BANK             CHINA CONSTRUCTION BANK CORPORATION
APPLICANT                WINDSOR INTERNATIONAL INC

LATEST SHIPMENT DATE     25FEB2008
EXPIRY DATE              15MAR2008


WE ADVISE HAVING RECEIVED AN AMENDMENT TO THE ABOVE DOCUMENTARY
CREDIT. PLEASE ENSURE THE ORIGINAL AMENDMENT IS ATTACHED TO THE
DOCUMENTARY CREDIT.

EMAIL OR FACSIMILE OF THIS ADVICE IS NOT DEEMED TO BE THE
OPERATIVE INSTRUMENT. THE ORIGINALLY SIGNED OPERATIVE INSTRUMENT IS
AVAILABLE FOR COLLECTION FROM COUNTERS OF HSBC BANK AUSTRALIA
LIMITED, TRADE SERVICES DEPARTMENT.


HSBC BANK AUSTRALIA LIMITED

THIS COMPUTER GENERATED ADVICE DOES NOT REQUIRE A SIGNATURE.

Issued by HSBC Bank Australia Limited A.B.N. 48 006 434 162   AFSL No. 232 595

Sydney (Head Office):       Melbourne:                Brisbane:                 Perth:                        Adelaide:
GPO Box 5302, Sydney        GPO Box 7670, Melbourne   GPO Box 821, Brisbane     PO Box 7644 Cloisters Sq,     PO Box 3285 Rundle Mall,
NSW 2001                    VIC 3001                  QLD 4001                  Perth WA 6850                 Adelaide SA 5000
580 George Street,          333 Collins Street,       300 Queen Street,         188 St. George's Terrace      55 Grenfell Street
Telephone: (02) 9006 5856   Telephone: (03) 9225 3634 Telephone: (07) 3835 7858 Telephone: (08) 9320 9827     Telephone: (08) 8112 8609
Facsimile: (02) 9006 3898   Facsimile: (03) 9225 3755 Facsimile: (07) 3835 7830 Facsimile: (08) 9320 9831     Facsimile: (08) 8112 8612

13

```
Mon Feb 11 2008 09:20:19 AM GMT+08:00 STVRCVQ:23546 Page 1
********************* GROUP MESSAGING GATEWAY *********************
* PRT NO STVRCVQ:23546 BY STV OPR 29009912SD  Feb 11, 2008 AT 9:20:18 AM  *
*                                                                         *
* IRN 080400032535           SERVICE IN           HASH 1111               *
* SRN 09HKBAAU2SASYD466622   SERVICE OUT          OSN                     *
*                                                                         *
* SENDER ADDRESS       PASCUS33                                           *
* ROUTE CODE (PASCUSNY) BANCA MONTE DEI PASCHI DI SIENA SPA               *
*                      55 EAST                                            *
*                      59TH STREET                                        *
*                      NEW YORK                                           *
*                      NY 10022                                           *
*                      U S A                                              *
***************************************************************************
* *** INFORMATION WARNING BITS SET ***                                    *
* Checksum correct,Processed Routing Msg                                  *
* Message Parsed,Standard Digest Verification Success                     *
* Re-routed Message,Copy Service Checked                                  *
* *** MEMO ***                                                            *
* ATTN: ANDY LAM                                                          *
***************************************************************************
{1:F01HKBAAU2SASYD0031466622}
{2:0707162108020BPASCUS33AXXX7054267587080209082 1N}
MT 707  AMENDMENT TO A DOCUMENTARY CREDIT
  7     Sender's Reference            EDP100138T04A001
 21     Receiver's Reference          NONREF
 23     Issuing Bank's Reference      37084010003926
 52D    Issuing Bank
        Name & Address
                                      CHINA CONSTRUCTION BANK
                                      RIZHAO SHANDONG CHINA
 31C    Date of Issue                 28NOV2007
 30     Date of Amendment             08FEB2008
 26E    Number of Amendment           01
 59     Beneficiary (before this amendment)
        Name & Address
                                      MAP MARINE LIMITED
                                      WALKER HOUSE
                                      87 MARY STREET,
                                      GEORGETOWN, GRAND CAYMAN
 79     Narrative
        REQUIREMENT 45A: IS DELETED IN ITS ENTIRETY AND
        REPLACED BY: TIME CHARTER OF VESSEL MV GRAND
        ANEMI.
        REQUIREMENT 46A NOW READS:
        1.COMMERCIAL INVOICE.
        2.ONE COPY OF VESSEL'S FIRST LOAD PORT NOTICE OF
        READINESS (NOR) TENDERED TO CHARTERERS OR THEIR
        PORT AGENTS.
{5:{CHK:BDD3F9B82531}}


***************************************************************************
...T NO STVRCVQ:23546 BY STV OPR 29009912SD  Feb 11, 2008 AT 9:20:18 AM
END OF MESSAGE
```

